IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

**VINCENT MANUEL LOPEZ,**

Petitioner,

v.

**UNITED STATES DISTRICT COURT,**

Respondent.

1:13-cv-00949 MJS HC

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT**

**(Doc. 15)**

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented, under 28 U.S.C. § 636(c)(1), to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case. Pending before the Court is Respondent's motion to dismiss, filed December 26, 2013.

I.  **BACKGROUND**

Petitioner challenges a detainer placed on him by the U.S. Marshal relating to a case filed in this Court, namely, United States v. Lopez, 1:04-cr-02130-BAM.[1] In that

---

[1] The Court may properly take judicial notice of court records. Fed. R. Evid. 201(b); United States
(continued…)

federal misdemeanor proceeding, Petitioner was sentenced to five (5) years of probation. Petitioner alleges that while in custody in California State prison for an unrelated conviction, Petitioner learned of the pending federal criminal case. Further, a federal hold was placed on him on August 7, 2012 based on a violation of his federal probation in 2006. Petitioner filed the instant petition to challenge the detainer.

On December 23, 2013, Lopez was transported to district court to make his initial appearance for the probation violation. Case No. 1:04-mj-2130-BAM (ECF No. 26). The court entered a detention order that same day. (ECF No. 27). On January 6, 2014, Petitioner admitted to the charges relating to the probation violation, and on February 21, 2014, Petitioner was sentenced to six months in custody. (ECF Nos. 31, 33.)

## II.   SCREENING THE PETITION

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks, 908

---

(…continued)
v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir.1993). Accordingly, the Court shall take judicial notice of documents filed in the case United States v. Lopez, 1:04-cr-02130-BAM.

2

1  F.2d 490, 491 (9th Cir. 1990).

2  Further, the Court may dismiss a petition for writ of habeas corpus either on its
3  own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or
4  after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule
5  8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

### III.    MOOTNESS

7  Federal courts lack jurisdiction to decide cases that are moot because the courts'
8  constitutional authority extends to only actual cases or controversies. Iron Arrow Honor
9  Society v. Heckler, 464 U.S. 67, 70-71, 104 S. Ct. 373, 78 L. Ed. 2d 58 (1983). Article III
10 requires a case or controversy in which a litigant has a personal stake in the outcome of
11 the suit throughout all stages of federal judicial proceedings and has suffered some
12 actual injury that can be redressed by a favorable judicial decision. Id. A petition for writ
13 of habeas corpus becomes moot when it no longer presents a case or controversy under
14 Article III, § 2 of the Constitution. Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003).
15 A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be
16 redressed by a favorable decision of the court issuing a writ of habeas corpus. Burnett v.
17 Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S. 1,
18 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998)). Mootness is jurisdictional. See, Cole v.
19 Oroville Union High School District, 228 F.3d 1092, 1098-99 (9th Cir. 2000). Thus, a
20 moot petition must be dismissed because nothing remains before the Court to be
21 remedied. Spencer v. Kemna, 523 U.S. at 18.

22 The issue of whether or not a person was entitled to release during trial
23 proceedings is moot once the person has been convicted of a criminal offense and
24 sentenced to prison. United States v. Halliburton, 870 F.2d 557, 562 (9th Cir. 1989).
25 Likewise, a claim concerning denial of constitutional rights as a result of shackling a
26 defendant during an appearance before a Magistrate Judge is generally moot unless it is
27 shown to be an issue that is capable of repetition yet evading review, such as where the
28 constitutional violation is likely to be repeated but would not last long enough to be

1 reviewed before becoming moot, or where the challenge is to an ongoing government
2 policy. United States v. Howard, 480 F.3d 1005, 1009-10 (9th Cir. 2007). An issue is
3 capable of repetition yet evading review where 1) the duration of the challenged action is
4 too short to be litigated prior to cessation, and 2) there is a reasonable expectation that
5 the same parties will be subjected to the same offending conduct. Demery v. Arpaio, 378
6 F.3d 1020, 1026-7 (9th Cir. 2004).

Here, the claim involves pretrial custody and detention, which is by nature temporary and thus too brief to permit the propriety of the detention to be litigated through appeal prior to cessation of the conduct. See Gerstein v. Pugh, 420 U.S. 103, 111 n.11, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975). However, there is no basis to expect that Petitioner will again commit a criminal offense or be subject to the same offending conduct. There is no evidence of a governmental policy initially to engage in, or to continue to engage in, the delay of which Petitioner complains. Petitioner's issue is thus not capable of repetition and yet evading review.

Therefore, the Court concludes that Petitioner's claim concerning his detention pending trial on the charges was mooted by Petitioner's conviction and sentence on the charged offenses.

Accordingly, the petition must be dismissed.

## IV. CERTIFICATE OF APPEALABILITY

"The plain language of [28 U.S.C.] § 2253(c)(1) does not require a petitioner to obtain a [certificate of appealability] in order to appeal the denial of a § 2241 petition." Harrison v. Ollison, 519 F.3d 952, 958 (9th Cir. 2008). "Nor is there any other statutory basis for imposing a [certificate of appealability] requirement on legitimate § 2241 petitions. Although state prisoners proceeding under § 2241 must obtain a [certificate of appealability], see § 2253(c)(1)(A), there is no parallel requirement for federal prisoners." Id.

Accordingly, because Petitioner is a federal prisoner bringing a legitimate § 2241 petition, a certificate of appealability is not required.

**V.      ORDER**

Accordingly, it is ORDERED that:

1) Respondent's motion to dismiss is granted;

2) The petition for writ of habeas corpus is DISMISSED as moot; and

3) The Clerk is DIRECTED to close the case.

IT IS SO ORDERED.

Dated:   March 4, 2014                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE